UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

DEIDRE A. WOLF,

                              Plaintiff,

    v.                                                  **DECISION AND ORDER**
                                                        04-CV-1035S

JOANNE BARNHART,
COMMISSIONER OF SOCIAL SECURITY,

                              Defendant.

       1.       Plaintiff Deidre A. Wolf challenges an Administrative Law Judge's ("ALJ") determination that she is not disabled within the meaning of the Social Security Act ("the Act"). Plaintiff alleges that she became disabled on February 4, 1999, due to a kidney condition, irritable bowel syndrome, a colon condition and depression. Plaintiff contends that the combination of her multiple impairments rendered her unable to work. She therefore asserts that she is entitled to payment of benefits under the Act.

       2.       Plaintiff filed an application for disability insurance benefits on August 10, 2000, and for supplemental security income on September 26, 2000. Her applications were denied initially and on reconsideration. Plaintiff and her attorney requested a hearing before an ALJ, which was held on March 25, 2003. The ALJ considered Plaintiff's case *de novo*, and on May 29, 2003, issued a decision denying Plaintiff's application for benefits. On October 27, 2004, the Appeals Council denied Plaintiff's request for review. Plaintiff filed the current civil action on December 20, 2004, challenging Defendant's final decision.[1]

---

[1] The ALJ's May 29, 2003 decision became the Commissioner's final decision in this case when the Appeals Council denied Plaintiff's request for review.

3.      On September 2, 2005, Defendant filed a Motion for Judgment on the Pleadings pursuant to Rule 12(c) of the Federal Rules of Civil Procedure.  Plaintiff filed a response in opposition on August 29, 2005.[2]  This Court took Defendant's motion under advisement on November 7, 2005, after determining that oral argument was unnecessary.

4.      A court reviewing a denial of disability benefits may not determine *de novo* whether an individual is disabled.  See 42 U.S.C. § § 405(g), 1383(c)(3); Wagner v. Sec'y of Health and Human Servs., 906 F.2d 856, 860 (2d Cir. 1990).  Rather, the Commissioner's determination will only be reversed if it is not supported by substantial evidence or there has been a legal error.  See Grey v. Heckler, 721 F.2d 41, 46 (2d Cir. 1983); Marcus v. Califano, 615 F.2d 23, 27 (2d Cir. 1979).  Substantial evidence is evidence that amounts to "more than a mere scintilla." Richardson v. Perales, 402 U.S. 389, 401, 91 S. Ct. 1420, 1427, 28 L. Ed. 2d 842 (1971). The term substantial evidence "means such relevant evidence as a reasonable mind might accept as adequate to support a conclusion."  Id.  Where evidence is deemed susceptible to more than one rational interpretation, the Commissioner's conclusion must be upheld.  See Rutherford v. Schweiker, 685 F.2d 60, 62 (2d Cir. 1982).

5.      "To determine on appeal whether the ALJ's findings are supported by substantial evidence, a reviewing court considers the whole record, examining the evidence from both sides, because an analysis of the substantiality of the evidence must also include that which detracts from its weight." Williams on Behalf of Williams v. Bowen, 859 F.2d 255, 258 (2d Cir. 1988).  If supported by substantial evidence, the Commissioner's finding must be sustained "even where substantial evidence may support the plaintiff's position and despite that the court's independent analysis of the evidence

---

[2] For reasons that are unexplained in the record, Plaintiff's response to Defendant's Motion for Judgment on the Pleadings was filed several days prior to the filing of Defendant's motion.

may differ from the [Commissioner's]." Rosado v. Sullivan, 805 F. Supp. 147, 153 (S.D.N.Y. 1992). In other words, this Court must afford the Commissioner's determination considerable deference, and will not substitute "its own judgment for that of the [Commissioner], even if it might justifiably have reached a different result upon a *de novo* review." Valente v. Sec'y of Health and Human Servs., 733 F.2d 1037, 1041 (2d Cir. 1984).

6. The Commissioner has established a five-step sequential evaluation process to determine whether an individual is disabled as defined under the Act. See 20 C.F.R. §§ 404.1520, 416.920. The United States Supreme Court recognized the validity of this analysis in Bowen v. Yuckert, 482 U.S. 137, 140-142, 107 S. Ct. 2287, 2291, 96 L. Ed. 2d 119 (1987), and it remains the proper approach for analyzing whether a claimant is disabled.

7. This five-step process is detailed below:

> First, the [Commissioner] considers whether the claimant is currently engaged in substantial gainful activity. If he is not, the [Commissioner] next considers whether the claimant has a "severe impairment" which significantly limits his physical or mental ability to do basic work activities. If the claimant suffers such an impairment, the third inquiry is whether, based solely on medical evidence, the claimant has an impairment which is listed in Appendix 1 of the regulations. If the claimant has such an impairment, the [Commissioner] will consider him disabled without considering vocational factors such as age, education, and work experience; the [Commissioner] presumes that a claimant who is afflicted with a "listed" impairment is unable to perform substantial gainful activity. Assuming the claimant does not have a listed impairment, the fourth inquiry is whether, despite the claimant's severe impairment, he has the residual functional capacity to perform his past work. Finally, if the claimant is unable to perform his past work, the [Commissioner] then determines whether there is other work which the claimant could perform.

Berry v. Schweiker, 675 F.2d 464, 467 (2d Cir. 1982) (per curiam) (quotations in original); see also Rosa v. Callahan, 168 F.3d 72, 77 (2d Cir. 1999); 20 C.F.R. § 404.1520.

8. While the claimant has the burden of proof as to the first four steps, the

Commissioner has the burden of proof on the fifth and final step. See Bowen, 482 U.S. at 146 n.5; Ferraris v. Heckler, 728 F.2d 582, 584 (2d Cir. 1984). The final step of this inquiry is, in turn, divided into two parts. First, the Commissioner must assess the claimant's job qualifications by considering his physical ability, age, education and work experience. Second, the Commissioner must determine whether jobs exist in the national economy that a person having the claimant's qualifications could perform. See 42 U.S.C. § 423(d)(2)(A); 20 C.F.R. § 404.1520(f); Heckler v. Campbell, 461 U.S. 458, 460, 103 S. Ct. 1952, 1954, 76 L. Ed. 2d 66 (1983).

9.      In this case, the ALJ made the following findings with regard to the five-step process set forth above: (1) Plaintiff has not engaged in substantial gainful activity since the alleged onset of her disability (R. at 20);[3] (2) Plaintiff's depression was not "severe," but the combination of her kidney condition and irritable bowel syndrome qualified as a "severe" impairment within the meaning of the Act (R. at 21, 24); (3) Plaintiff's impairments do not meet the criteria necessary for finding a disabling impairment under the regulations (R. at 24); (4) Plaintiff retained the residual functional capacity to perform light work as specified in the ALJ's decision (R. at 23, 24); and (5) Plaintiff is able to perform her past relevant work, but for working as a nurse's aide. (R. at 23-24.)

10.     Plaintiff contends that the ALJ's decision is erroneous and must be reversed. Plaintiff first argues that the ALJ's determination that her depression was not "severe" is not supported by substantial evidence in the record. In reaching this conclusion, the ALJ relied principally on evidence from Dr. Hatton, Dr. Highsmith and Dr. Dinwoodie. (R. at 20-21.) A review of this evidence, as well as evidence from the reports of Dr. Calleja, Dr.

---

[3] Citations to the underlying administrative record are designated as "R."

Ijewere and Dr. Ottaviani, reveals that the ALJ's determination that Plaintiff's depression was not a "severe" is well-supported in the record.

11. Plaintiff also argues that the ALJ applied the incorrect legal standard in considering whether her depression was "severe." She focuses on the ALJ's statement that "[t]here is no evidence showing that the claimant was treated by a psychologist or psychiatrist for a continuous 12-month period, and there is no indication that she was hospitalized for any mental condition." (R. at 21.) In the context of the ALJ's decision as a whole, however, this statement is not a recitation of a legal standard, but rather, a comment on the state of the record. In fact, the ALJ set forth the proper legal standard previously in her opinion when she cited the regulations and stated that "[a] medically determinable impairment or combination of impairments is severe if it significantly limits an individual's physical or mental ability to do basic work activities." (R. at 20.) There is no indication anywhere in the record that the ALJ found that Plaintiff's depression was not "severe" simply because she was not treated for a 12-month period or hospitalized for her medical condition. Accordingly, this Court finds that the ALJ applied the correct legal standard.

12. Plaintiff next challenges the ALJ's credibility determination and argues that the ALJ failed to properly assess the effect that the symptoms from her kidney condition and irritable bowel syndrome have on her ability to perform work. The ALJ found that Plaintiff's subjective complaints were not fully credible because they were inconsistent with her testimony concerning the daily activities that she engaged in. (R. at 22.)

13. Credibility determinations are generally reserved to the Commissioner, not the reviewing court. Aponte v. Sec'y of Health and Human Svcs., 728 F.2d 588, 591 (2d

Cir. 1984)(holding that it is the job of the Commissioner and not the reviewing court to make determinations on the credibility of witnesses); Carrol v. Sec'y of Health and Human Svcs., 705 F.2d 638, 642 (2d Cir. 1982)(similar).  From a review of the record, this Court finds that the ALJ had a reasonable basis upon which to conclude that Plaintiff's testimony was not fully credible.  Aside from the fact that the ALJ presided over the hearing and was in the best position to observe Plaintiff's demeanor, the ALJ made specific reference to the contradictions in Plaintiff's testimony.  (R. at 22 -23).  In particular, the ALJ found that the daily activities to which Plaintiff testified, including driving, taking care of young children, shopping, housework and some yard work, was inconsistent with the disabling impairments and symptoms of which she complained.  (R. at 22).  Consequently, this Court finds no cause to disrupt the ALJ's credibility finding.  See Marcus v. Califano, 615 F.2d 23, 27 (2d Cir. 1979)("The ALJ has discretion to evaluate the credibility of a claimant and to arrive at an independent judgment, in light of medical findings and other evidence, regarding the true extent of the pain alleged by the claimant.").  Moreover, evidence in the record supports the ALJ's determination that Plaintiff's symptoms were not as debilitating as she alleged.  Several doctors, including Dr. Ijewere and state agency consultative physicians, reported that Plaintiff's conditions and symptoms were improving such that they no longer should cause her any limitations.  (R. at 54, 511-17, 190, 538, 555-62.)

14.     Finally, Plaintiff argues that the ALJ erred by posing several hypotheticals to the vocational expert that included consideration of a "medium" exertional level.  However, since the jobs ultimately identified by the ALJ as being appropriate for Plaintiff fell within the light or sedentary classifications, which was consistent with Plaintiff's residual functional capacity, any error by use of the term "medium" was harmless.  As for Plaintiff's

6

argument that the ALJ erred by not including her subjective complaints in the hypotheticals, this Court has already found that the ALJ's adverse credibility determination was supported in the record.  As such, the ALJ need not have included Plaintiff's complaints in the hypotheticals.  Cf. Dumas v. Schweiker, 712 F.2d 1545, 1554 n.4 (2d Cir. 1983) (hypothetical must portray plaintiff's credibly established limitations, not all of the limitations plaintiff alleges).

      15.    After carefully examining the administrative record, this Court finds that substantial evidence supports the ALJ's decision in this case.  Specifically, the medical evidence and opinions contained in the record, in conjunction with Plaintiff's testimony, support the ALJ's determination.  This Court finds no reversible error in the ALJ's overall weighing of the evidence or her credibility determination, and finds that substantial evidence of record supports her decision. Accordingly, Defendant's Motion for Judgment on the Pleadings is granted.

      IT HEREBY IS ORDERED, that Defendant's Motion for Judgment on the Pleadings (Docket No. 14) is GRANTED.

      FURTHER, that the Clerk of the Court is directed to take the necessary steps to close this case.

      SO ORDERED.

Dated:   March 28, 2006
          Buffalo, New York

                              /s/William M. Skretny
                              WILLIAM M. SKRETNY
                              United States District Judge